**Pamela Lea MAIER, Appellee,**

v.

**Verne ORR, Secretary of the Air Force, Appellant.**

**Appeal No. 84–985.**

United States Court of Appeals, Federal Circuit.

March 26, 1985.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Robert A. Reutershan and Richard W. Oehler, Washington, D.C., Dept. of Justice, for appellant; Lt. Col. Bruce Houston, Dept. of the Air Force, Washington, D.C., of counsel.

Earle A. Partington and Jack F. Schweigert, Schweigert & Associates, Honolulu, Hawaii, for appellee.

Before RICH, DAVIS and NIES, Circuit Judges.

## ORDER

On February 4, 1985, a panel published its decision in this appeal. 754 F.2d 973. The decision was accompanied by an opinion written for the panel by the Chief Judge. As is true of all opinions and dispositive orders of this court, that opinion was fully considered and voted on affirmatively in writing by all members of the panel. *See* Rule 3 of this court.

On February 19, 1985, Pamela Lea Maier, "by and through her attorney, Jack F. Schweigert," filed a document entitled "MOTION TO VACATE ORDER and GRANT REHEARING".

The motion is accompanied only by an affidavit of Mr. Schweigert, which reads in its entirety:

Jack F. Schweigert, being first duly sworn on oath, deposes and says the following:

1. I am co-counsel of record for Appellee.

2. On February 15, 1985 my office received the attached Exhibit 1.

3. On the same day as a result of this letter I contacted Mr. Earle Partington, lead counsel in this case and informed him of the letter's contents.

4. Based on the foregoing, it is both Mr. Partington's and my belief that Chief Judge Markey should have recused himself from sitting in this case under 28 U.S.C. Sec. 455.

5. The Order in which Chief Judge Markey acted is attached hereto as Exhibit 2.

Exhibit 1, attached to Mr. Schweigert's affidavit, is:

PRAVEL, GAMBRELL, HEWITT & KIMBALL

PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
2200 SOUTH EADS STREET
P O BOX 2480
ARLINGTON, VIRGINIA 22202

PATENT, TRADEMARK, COPYRIGHT,
ANTITRUST & OTHER
TECHNICALLY RELATED MATTERS

PRINCIPAL OFFICE

1177 WEST LOOP SOUTH, SUITE 1010
HOUSTON, TEXAS 77027

WAYNE L. WEBB, JR.
PENROSE L. ALBRIGHT;
ALVIN D. ROTO
H. VL MODENBLATT
RITA M. IRANI
CHARLES D. SIMMONS
KEITH LUTSCH

OF COUNSEL
CARL WILSON

ADMITTED IN DISTRICT OF COLUMBIA
ADMITTED IN VIRGINIA

(713) 850-0909
TELEX 792026 TEXPATHOU
TELECOPIER (713) 850-0185

LOUISIANA OFFICE
650 POYDRAS STREET, SUITE 1400
NEW ORLEANS, LOUISIANA 70130
(504) 524-7207

AUSTIN OFFICE
1008 CONGRESS AVENUE, SUITE 595
AUSTIN, TEXAS 78701
(512) 476-4422

February 12, 1985

Earle Partington, Esquire
250 South Hotel Street
Suite 200 (1568)
Honolulu, Hawaii 96813

Dear Mr. Partington:

I just read the decision of Judge Markey in your case of PAMELA LEA MAIER v. VERNE ORR, Secretary of the Air Force, dated February 4, 1985.

Frankly I was surprised Chief Judge Markey decided the case. Perhaps he offered to recluse himself. He did so with me in an earlier case which involved a DoD regulation implementing the Age Discrimination Act for, inter alia, Naval Reservists. Judge Markey's reason for doing so was, of course, that he is a Reserve Brigadier General in the Air Force.

Although I am not certain I disagree with the decision, I do know it is not uncommon for correction boards to find the presence of a disability which was not noted at the time of discharge or retirement and subsequently retire the individual for such disability retroactively. There is a Court of Claims case that goes back 20 or some years Proper v. U.S., I don't have the citation handy but it involved an Army man who, as I recall, was suffering from multiple sclerosis but was retired before a diagnosis was made although there were some symptoms while he was on active duty. In any event, he was to be retired by the Correction Board retroactively and the reason the case went to the U.S. Court of Claims was that the Correction Board's action was disapproved by the Secretary of the Army based on the recommendation of a retired general working for him. This, the Court of Claims held, could not be because the Secretary must act through a civilian correction board. In taking the advice of the retired Army general, he was acting through a military officer.

Sincerely yours,

Penrose Lucas Albright

PLA/lml

_____

On February 25, 1985, petitioner "through her attorney, Earle A. Partington" filed a "MOTION FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF MOTION TO VACATE OR- DER AND GRANT REHEARING", accompanied by the proffered "SUPPLEMENTAL AFFIDAVIT", That affidavit reads in its entirety:

Earle A. Partington, after being duly sworn upon oath, deposes and says as follows:

1. I am the lead counsel for the Appellee in the above-entitled case.

2. For the past week I have been away from my office investigating a case in San Francisco. I returned to Honolulu late yesterday.

3. In my absence the Motion to Vacate Order and Grant Rehearing was prepared and sent to the Court.

4. Prior to the receipt of Mr. Albright's letter (Exhibit 1 of the Motion) on February 15, 1985, nobody in my office nor my client had any knowledge nor reason to believe that Chief Judge Markey is a Brigadier General in the Air Force Reserve and thus subject to challenge for cause from sitting on this appeal. At no time did Chief Judge Markey or the Court advise me of his military status.

5. Had I known of Chief Judge Markey's military status, I would have moved to disqualify him from sitting on this appeal.

Further affiant sayeth naught.

### The Motion

The motion purports to have been filed pursuant to "Rule 40, Federal Rules of Appellate Procedure", "Rule 29, Rules of the United States Court of Appeals for the Federal Circuit", and "28 U.S.C. § 455(a) & (b)(1)".

The motion does not, as Rule 40 requires, "state with particularity the points of law or fact which in the opinion of the petitioner the court overlooked or misapprehended."

This court has no Rule 29. Petitioner apparently meant to refer to paragraph 29

of this court's Procedural Handbook, which merely announces the provisions of 28 U.S.C. § 455 (1984).

■ Recusal is appropriate under § 455(a) when a judge's "impartiality may be reasonably questioned," and under § 455(b)(1) when the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

Counsel's "belief" that the Chief Judge should have recused himself is unsupported by the required allegations of fact warranting recusal.[1] That "belief" is based solely on receipt of an unsworn letter (Ex. 1), and on his immediate, unquestioning, and uninvestigated acceptance of statements therein as being true. The letter (Ex. 1) is not an affidavit and the statements relied on are not true. Counsel's "belief" is conclusory and totally without foundation. The motion is frivolous.[2]

### The Exhibit

The letter (Ex. 1) refers to the "decision" of the Chief Judge and indicates that he "decided the case." Those statements are untrue. As above indicated, a decision disposing of an appeal on its merits is a decision of the panel, not that of the individual judge who set forth the panel's reasons. The authoring judge did not "decide" the case, the panel did and did so unanimously.

The letter (Ex. 1) states that the Chief Judge "is a Reserve Brigadier General in the Air Force." That statement is untrue. The Chief Judge has been retired from, and has thus not been "in" or associated with the Air Force Reserve or any military organization for *nine years*.[3]

---

1. The sole *fact* set forth in Mr. Schweigert's affidavit is that he received the letter (Ex. 1). Mr. Partington's affidavit adds only that no one in his office was aware of what the letter (Ex. 1) says.

2. That part of the motion relating to recusal deals not with the merits of an appeal or with the court's decision, but with subject matter appropriate to an administrative complaint under 28 U.S.C. § 372. Under that statute, any

such complaint would be rejected for the reasons set forth in this Order.

3. He was a Major General in the Air Force Reserve. Though legally entitled to remain a member of the active reserve, 5 U.S.C. § 5534, he elected, in the spirit of Canon 5 C(3), Code of Judicial Conduct for United States Judges, to retire from the Reserve prematurely in 1976.

In the instance the writer of the letter cites, the writer was in October 1983 given the opportunity to opt anonymously for recusal. Apparently seeing no reasonable basis for questioning impartiality or for assuming bias, prejudice, or knowledge of evidentiary facts, the letter writer declined that opportunity. Following a supersensitive and over-scrupulous approach, the Chief Judge had at that time instructed the Clerk to inform counsel in cases involving a military service that the Chief Judge was a military retiree/annuitant, and to report whether an objection was raised without disclosing which if either side objected.[4] Those instructions were given before the Advisory Committee on Codes of Conduct had spoken in respect of judges who were annuitants/pensioners of military and governmental services.

### *Recusal*

On October 26, 1984, (i.e., well before petitioner's appeal was assigned) the Advisory Committee on Codes of Conduct of the Judicial Conference of the United States, responding to the number of judges receiving what it broadly called pensions, published this guidance for federal judges:

### ADVISORY COMMITTEE ON CODES OF CONDUCT ADVISORY OPINION NO. 75

*Military and other governmental pensions.*

A number of judges receive pensions earned in the course of their military service or other governmental service. A question has been raised concerning disqualification when a military service or public body is a party.

The Committee advises that no reasonable basis for questioning the impartiality of the judge is raised when a judge who is receiving a military pension participates in a proceeding in which a military service is a party. Judges receiving a pension for state, federal, or other government service are not disqualified from cases in which the governmental entity is a party. Judges participate in cases in which the Federal Government, from which the judge receives compensation for his judicial services, is a party, without raising any reasonable question of the judge's impartiality.

Disqualification would be mandatory when the outcome of the case could substantially affect the amount of the judge's pension or his right to receive it. *Canon 3C(1)(c)*. The mere presence as a party of the military service in which the judge served or another military service, however, when a judge's interest in his pension is not substantially affected, raises no question of disqualification.[5]

The outcome of petitioner's appeal could not possibly have affected the amount of the Chief Judge's annuity or his right to receive it, both of which are fixed by law and regulation applicable to his 34 years of service.

There was thus no basis on which the Chief Judge's impartiality could have been reasonably questioned and no basis for an assumption or even an appearance of bias, prejudice, or personal knowledge of disputed evidentiary facts. Following issuance of Advisory Opinion 75, there was not even a colorable reason for informing counsel that a judge was an annuitant. There being no basis in 28 U.S.C. § 455 for recusal, that statute, if it were applicable to motions to vacate and grant rehearing (which it is not), would form no support whatever for the present motion.

It is well that status as an annuitant in itself forms no basis for recusal. Among

---

**4.** It cannot be assumed that an objection would come from a particular side. The Chief Judge has written and lectured widely on Judicial Ethics. If there were a reasonable basis for questioning impartiality, a party might fear that a judge so involved with judicial ethics might "lean over backwards" to insure impartiality.

**5.** Canon 3, Code of Judicial Conduct for United States Judges, tracks 28 U.S.C. § 455 precisely. The Chief Judge is Chairman of the Committee, but does not vote on its published opinions, except to resolve a tie among the 10 other members. Advisory Opinion 75 was approved unanimously.

judges receiving annuities are three active judges (25%) of this court who receive them as retirees of the military services. For all three to recuse on that ground alone from all of the many appeals involving the military services in this court would result in an unconscionable transfer of workload to the remaining active judges of this court, and would result in an inappropriate fixed assignment of judges to panels on the basis of subject matter. *See* paragraph 20 of this court's Procedural Handbook.

■ Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are counsel's unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined. *See City of Cleveland v. Krupansky,* 619 F.2d 576 (6th Cir.), *cert. denied,* 449 U.S. 834, 101 S.Ct. 106, 66 L.Ed.2d 40 (1980); *Scarrella v. Midwest Federal Savings and Loan,* 536 F.2d 1207 (8th Cir.), *cert. denied,* 429 U.S. 885, 97 S.Ct. 237, 50 L.Ed.2d 166 (1976); *Curry v. Jensen,* 523 F.2d 387 (9th Cir.), *cert. denied,* 423 U.S. 998, 96 S.Ct. 428, 46 L.Ed.2d 373 (1975); *United States v. Anderson,* 433 F.2d 856 (8th Cir.1970). Nor does mere prior association form a reasonable basis for questioning a judge's impartiality. *See Parrish v. Board of Commissioners of Alabama State Bar,* 524 F.2d 98 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). *See also, Advisory Opinion 52,* Advisory Committee on Codes of Conduct, Judicial Conference of the United States (April 15, 1977) (absent a Canon pointing to recusal, the dignity of the bench, fulfillment of judicial duties, and concern for judicial colleagues, require that a judge *not* recuse).

### The Supplemental Affidavit

The supplemental affidavit merely confirms Mr. Schweigert's statement, under oath, that Mr. Partington shared his "belief." It is also based solely on the letter (Ex. 1). It accepts without inquiry and repeats the untrue statement that the Chief Judge "is a Brigadier General in the Air Force Reserve." It adds only an indication that Mr. Partington would have moved to disqualify if he "had known" of what he was led by the letter to believe was the Chief Judge's "military status".[6]

The supplemental affidavit adds nothing but an unnecessary joinder of Mr. Partington in the motion filed in his absence by his co-counsel.

A motion to disqualify on the ground cited in the supplemental affidavit would have been denied for the reasons set forth above.

### Rehearing

■ That part of the motion requesting a rehearing is equally devoid of merit. It is unsupported by any statement that the panel erred in law or fact in reaching its decision in the appeal. If recusal had been appropriate here (and it was not), that fact would not form a basis for attack on the decision. *See Margoles v. Johns,* 660 F.2d 291 (7th Cir.1981), *cert. denied,* 455 U.S. 909, 102 S.Ct. 1256, 71 L.Ed.2d 447 (1982). If recusal had occurred, the two Circuit Judges who served on the original panel would have been at liberty to decide the appeal. *Advisory Opinion 71,* Advisory Committee on Codes of Conduct, Judicial Conference of the United States (December 14, 1981). If rehearing were now granted, those judges would decide the appeal the same way and would approve the opinion as issued.

### Counsel's Conduct

■ The assertion that a judge improperly participated in a case from which he or she should have recused constitutes a charge most grave. Counsel should not make such an assertion precipitously or recklessly, nor on unsupported rumor, con-

---

**6.** As above indicated, the Chief Judge has had no "military status" for nine years. Moreover, without inquiry, one does not "know" that statements in a letter are accurate.

jecture, and speculation. To do so is to trifle with the court and the administration of justice.

Counsel elected to file the present motion and supplemental affidavit on the sole basis of a letter from one not involved in the case and without investigating the accuracy of statements in that letter. A single phone call to the Administrative Office of the United States Courts, or to the Clerk of this court, or a single checking of biographical listings available in every library, would have enabled counsel to learn of the factual errors in that letter. The filing of such papers in court without reasonable inquiry is an unacceptable practice. *See* Rule 11, Federal Rules of Civil Procedure.

The present falsely based motion has wasted judicial resources and has diminished the ready availability of those resources to deserving litigants. It exceeds the bounds of advocacy open to counsel as officers of the court.

 Rule 38, Fed.R.App.P. provides for award of damages and costs to appellee. The same principles apply to a motion (such as this) to vacate and for rehearing. Because, however, appellant did not respond to the present motion, *see* paragraph 26(a) of this court's Procedural Handbook, there is no basis for requiring counsel to compensate appellant under Rule 38, Fed. R.Civ.P.

Accordingly, it is ORDERED:

1. The motion to vacate is denied.
2. The motion to grant rehearing is denied.
3. The motion to file supplemental affidavit is denied.