In Re Complaint of JUDICIAL
MISCONDUCT.

No. 4.

United States Claims Court.

July 9, 1985.

## ORDER

KOZINSKI, Chief Judge.

### Facts

This complaint of judicial misconduct is brought pursuant to 28 U.S.C. § 372 and RUSCC App. B. Complainant charges that a judge of this court should have disqualified himself sua sponte from a case pending before him. Complainant, who was the plaintiff in that case, had brought suit alleging that he was involuntarily forced off active military duty by officers of the United States Army Judge Advocate General Corps (Army JAG). The judge to whom the case was assigned heard cross motions for summary judgment, held for the defendant and ordered dismissal of the complaint.

Complainant alleges that, during the course of preparing an appeal, he discovered a published biography of the judge in question. According to complainant, he then learned for the first time that the judge had been affiliated with Army JAG

during his military service. The judge left active duty with Army JAG some ten years ago and now is an officer in the United States Army Reserve. Complainant alleges that the judge is so closely connected with the United States Army and Army JAG that he "was obligated to recuse or otherwise disqualify himself from hearing and determining the facts of plaintiff's case...." Complainant separately argues that the judge was not authorized to rule on his motion to alter or amend the judgment, but should have transferred the motion to the Court of Appeals for the Federal Circuit (CAFC).

## Discussion

■ A Complaint for Judicial Misconduct may be filed by "[a]ny person alleging that a judge of this court has engaged in conduct prejudicial to the effective and expeditious administration of the business of the court." RUSCC App. B, ¶ 1; *see* 28 U.S.C. § 372(c)(1) & (17) (1982). However, such a complaint may not be filed to address the merits of a case, RUSCC App. B, ¶ 3(a)(1)(ii); *see also* 28 U.S.C. § 372(c)(3) (1982), or to correct alleged errors that may be reviewed on appeal. *In re Complaint of Judicial Misconduct No. 1*, 2 Cl.Ct. 255, 258 n. 4 (1983); *accord In re Charge of Judicial Misconduct*, 595 F.2d 517, 517 (9th Cir.1979). Chief Judge .Browning of the Ninth Circuit addressed this issue in dismissing a complaint charging bias by a judge in a single case:

> The procedures complainant invokes are designed to provide an administrative remedy for misconduct of a judge for which no judicial remedy is available. A judicial remedy is available to deal with a claim that the impartiality of a judge assigned pending litigation may reasonably be questioned. *See* 28 U.S.C. § 455(a) (Supp.1978).

595 F.2d at 517.

■ Complainant's principal claim here is that the judge should have disqual-

ified himself because of alleged bias growing out of his past association with Army JAG and his current association with Army Reserve. Past association with the military does not, of course, automatically disqualify a judge from ruling on matters involving the armed services. *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed.Cir.1985).* In any case, there are established procedures for putting a judge's status in issue and requesting that he disqualify himself. *See* 28 U.S.C. §§ 144, 455; RUSCC 63(c). If the alleged conflict of interest is discovered after judgment, the matter may be addressed in a motion for rehearing or relief from judgment pursuant to RUSCC 59, 60(b). *See Maier*, 758 F.2d at 1579. Determination of any such motion would be subject to review by the CAFC.

■ Complainant's alternative claim that the judge was not authorized to rule on his motion to vacate the judgment is a matter going to the merits of a case and is subject to review by direct appeal to the CAFC. Such a ruling is not the proper subject of a complaint of judicial misconduct. *In re Charges of Judicial Misconduct*, 613 F.2d 768, 769 (9th Cir.1980); *In re Charge of Judicial Misconduct*, 595 F.2d at 517; *In re Complaint of Judicial Misconduct No. 1*, 2 Cl.Ct. at 257.

## Conclusion

The complaint is dismissed pursuant to RUSCC App. B, ¶ 3(a)(1).

---

* *Maier* quoted at length from an opinion issued by the Advisory Committee on Codes of Conduct of the Judicial Conference of the United States. This opinion states as follows: " 'The mere presence as a party of the military service in which the judge served or another military service ... raises no question of disqualification.' " 758 F.2d at 1582 (footnote omitted) (quoting Advisory Committee on Codes of Conduct Advisory Opinion No. 75).