**Milton HODOSH and Richardson-Vicks, Inc., Appellants,**

v.

**BLOCK DRUG COMPANY, INC., et al., Appellees.**

**Appeal No. 85–2607.**

United States Court of Appeals, Federal Circuit.

May 8, 1986.

---

6. We deny as moot AVC's motion to strike por-

tions of Eaton's reply brief and appendix.

John O. Tramontine of Fish & Neave, New York City, argued for appellant Richardson-Vicks, Inc.

Hugh A. Chapin of Kenyon & Kenyon, New York City, submitted for appellant Milton Hodosh. With him on brief were Paul Lempel and William J. McNichol, Jr.

Marvin C. Soffen and Edward A. Meilman of Ostrolenk, Faber, Gerb & Soffen, New York City, were on brief, for appellee.

Before MARKEY, Chief Judge, and DAVIS and BALDWIN, Circuit Judges.

## ORDER

MARKEY, Chief Judge.

On April 21, 1986, appellee (Block) filed a "Motion to Vacate and For Sanctions", requesting that this court's decision of March 24, 1986, 786 F.2d 1136, be vacated, that the appeal be reconsidered by a new panel, and that appellant (RVI) be sanctioned at least by denial of its costs on the appeal. The motion is without foundation and borders on the frivolous.

During the pendency of the appeal, RVI was acquired by Proctor and Gamble, Inc. Though counsel accuse each other of knowing and failing to promptly announce that event, the controlling fact is that the Certificate of Interest filed by RVI in accord with this court's Rule 8 was not amended and the acquisition of RVI was not brought to the attention of this court, or to the attention of any judge of this court, by anyone, until weeks after the decision was handed down.

The appeal was heard and decided by a panel consisting of Circuit Judges Rich, Davis, and Baldwin. The opinion for the court was authored by Judge Rich, whose spouse has a financial interest in Proctor and Gamble. There is no way in which Judge Rich could possibly have known that Proctor and Gamble was in any manner involved in the appeal, and Block nowhere asserts such knowledge. Promptly upon learning of the acquisition, Judge Rich recused himself from any further involvement in the case.

Block bases its motion on allegations of "impropriety" and "appearance of impropriety" because the appeal "was heard by a panel including Judge Rich who was statutorily disqualified from participation." The allegations are without merit. The statute, 28 U.S.C. § 455, expressly provides that a judge is disqualified when he *knows* that his spouse has a financial interest in a party. Thus, there was no basis for disqualification, and neither an impropriety nor appearance of impropriety, as Block should have known from a reading of the plain language of the statute.

Moreover, if there had been a basis for Judge Rich's disqualification (and there was none), that fact would not warrant the vacating of the decision. *See Maier v. Orr*, 758 F.2d 1578, 1583 (Fed.Cir.1985), and Advisory Opinion 71, Advisory Committee on Codes of Conduct, Judicial Conference of the United States (December 14, 1981) cited therein. Block makes no reference to *Maier* and cites no authority for its erroneous assumption that a unanimous decision must be vacated when one member of the panel

learns of a basis for his disqualification after the decision has been handed down.

■ Block's request for sanctions is equally without merit. Counsel should keep abreast of a client's affairs and should revise Certificates of Interest when circumstances change, though the rules of the court do not presently require such revision. RVI's failure to amend in this case was seized upon by Block as creating a basis for the further delay occasioned by its present motion. Counsel for RVI denies all knowledge of the acquisition before April 15, 1986, and says that Block also failed to inform the court when it filed certain motions, though Block at that time knew of the acquisition. Block cites no basis on which it could be said that RVI's counsel knew or should have known, any more than did Block's counsel, of the acquisition. Nor does Block cite any basis for finding that it or the handling of the appeal was actually prejudiced by the lateness in amending the Certification. Sanctions are reserved for matters more serious than mere oversight having no effect on the administration of justice.

Accordingly, it is ORDERED:

Block's motion to vacate and for sanctions is denied.