**In re COMPLAINT OF JUDICIAL MISCONDUCT.**

**No. 8.**

United States Claims Court.

Aug. 7, 1987.

As Revised Aug. 10, 1987.

### OPINION

SMITH, Chief Judge.

(1) This complaint of judicial misconduct is brought pursuant to 28 U.S.C. § 372(17) and RUSCC App. B. It is the responsibility of the Chief Judge to examine such a complaint and determine whether it is appropriate to refer the matter for further proceedings, RUSCC App. B, ¶¶ 3 and 4.

From all of the material presented by the complainants, the complaint states no basis whatsoever for the finding of any improper conduct on the part of the judge. Accordingly, for the reasons set forth below, the complaint is dismissed.

(2) On August 3, 1987, complainants filed the instant complaint for judicial misconduct asserting charges of "Maladminis-

tration, Fraud, and Conspiracy." The assertion of judicial misconduct is grounded upon the trial judge's dismissal of complainant's Complaint * and the denial of their Motion for Reconsideration.

 (3) It is clear from the instant pleading that the complainants seek relief that cannot and should not be given, i.e., that the Chief Judge reverse the prior decision rendered by the judge in question. However, this is not the proper use of the complaint procedure.

A Complaint for Judicial Misconduct may be filed by "[a]ny person alleging that a judge of this court has engaged in conduct prejudicial to the effective and expeditious administration of the business of the court." RUSCC App. B, ¶ 1 *see* 28 U.S.C. 372(c)(1) & (17) (1982). However, such a complaint may not be filed to address the merits of a case, RUSCC App. B, ¶ 3(a)(1)(ii); *see also* 28 U.S.C. § 372(c)(3) (1982), or to correct alleged errors that may be reviewed on appeal. *In re Complaint of Judicial Misconduct No. 1*, 2 Cl.Ct. 255, 258 n. 4 (1983); *accord In re Charge of Judicial Misconduct*, 595 F.2d 517, 517 (9th Cir.1979). *In re Complaint of Judicial Misconduct No. 4*, 8 Cl.Ct. 523, 524 (1985).

Complainants request reversal of what they perceive as an error committed by the trial judge. The rules of this court and the statute, however, provide that a complaint shall be dismissed if it is directly related to the merits of a decision or procedural ruling. 28 U.S.C. § 372(c), RUSCC App. B, ¶ 3(a)(1)(ii). The proper procedure for challenging an error in judgment is an appeal to the Court of Appeals for the Federal Circuit. RUSCC 72. If complainants are correct on the merits of the underlying controversy then their proper course is to appeal the error in the judge's decision. This is the very reason why our system has appellate as well as trial courts. It is contrary to the most basic principles of our legal system to challenge a judge's legal

conclusions or findings of fact by impugning his or her character. Judicial error is human, equating error with misconduct would require judges to be divine. To use the judicial misconduct complaint process in this way is a serious abuse of that system.

 (4) The court, after careful consideration, shall not dismiss the complaint as frivolous since complainants are not members of the Bar and may not understand appropriate judicial proceedings. It is for these reasons alone that the court declines to impose sanctions against these pro se complainants.

The complaint of judicial misconduct is dismissed pursuant to RUSCC App. B, ¶ 3(a)(1)(ii).

---

* The judge in question based his decision upon three reasons: (1) plaintiffs did not have standing to bring the claim; (2) the court was without authority to waive the requirement of RUSCC 81(d)(7) that a corporation be represented by an attorney; and (3) that plaintiffs failed to state on claim upon which relief could be granted.