925 F.2d 489
 288 U.S.App.D.C. 258
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Ruchell Cinque MAGEE, Appellant,
v.
Alan CRANSTON, U.S. Senator.
 No. 90-5012.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 25, 1991.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and CLARENCE THOMAS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the order to show cause filed June 28, 1990, and the lack of opposition thereto, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED, on the court's own motion, that the district court's order filed October 31, 1989, be summarily affirmed for the reasons stated in the accompanying memorandum. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 5
 Ruchell Magee appeals from the district court's order dismissing his complaint challenging his conviction in California state court and alleging various constitutional and state law violations committed by federal and state officials. Magee's challenge to his conviction on double jeopardy grounds was properly construed as sounding in habeas corpus. The claim was appropriately dismissed on the basis of Magee's failure to show that he had exhausted his state remedies, as required by 28 U.S.C. Sec. 2254(b). See Duckworth v. Serrano, 454 U.S. 1, 4 (1981).
 
 
 6
 The dismissal of Magee's First Amendment allegations was also justified. Magee's complaint names United States Senator Alan Cranston as the sole defendant; it does not, however, allege that Cranston was in any way responsible for the restriction on Magee's access to the media, and thus "fail[s] to connect [the] defendant with the alleged wrong." Consequently, dismissal of this claim was appropriate under Fed.R.Civ.P. 8(a). See 5 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1234 at 264 (1990).
 
 
 7
 The district court's disposition of Magee's remaining claims was also correct. Having properly dismissed Magee's federal claims, the district court was justified in declining to accept pendent jurisdiction over Magee's allegation that he was "slandered" by prison officials. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Furthermore, Magee's petition for writ of mandamus was properly denied because Senator Cranston had no "clear duty" to investigate Magee's claims. See Council of and for the Blind of Delaware Co. Valley v. Reagan, 709 F.2d 1521, 1533 (D.C.Cir.1983) (en banc). Finally, Magee's motion for disqualification based on Judge Sporkin's dismissal of previous complaints filed by Magee was properly denied. See Maier v. Orr, 758 F.2d 1578, 1583 (Fed.Cir.1985) ("mere prior association does not form reasonable basis for questioning a judge's impartiality").