Abel H. HERNANDEZ, Plaintiff,

v.

Louis SULLIVAN, Secretary of U.S. Department of Health and Human Services and Texas Department of Human Services, Defendants.

Civ. A. No. SA–90–CA–799.

United States District Court,
W.D. Texas,
San Antonio Division.

Feb. 27, 1991.

Abel H. Hernandez, San Antonio, Tex., *pro se.*

Jack B. Moynihan, U.S. Attorney's Office, San Antonio, Tex., for defendants.

Ann Hartley, Atty. Gen. of Texas, Austin, Tex., for Texas Dept. of Human Services.

## ORDER

PRADO, District Judge.

On this date came on to be considered the Motion of Abel H. Hernandez, filed February 21, 1991, to assign this case to a specific district judge. Although Mr. Hernandez, the Plaintiff, does not give any reasons for the requested reassignment, the Court believes that the motion is actually one for recusal pursuant to 28 U.S.C. § 455(a).

### I. OVERVIEW

In his aptly styled "Motion," Mr. Hernandez states "Plaintiff Motion [sic] the Court that Hernandez v. Sullivan be assigned to [a specific district judge]."[1] What this motion lacks in style and substance it makes up with brevity. Mr. Hernandez appeared before this Court on February 1, 1991, in a Title VII case styled *Abel H. Hernandez v. Donald B. Rice, Secretary of the Air Force*, No. SA–88–CA–237. In that case, Mr. Hernandez alleged that the United States Air Force fired him from his mechanic's position because of his Native American origin. The Defendant asserted that Mr. Hernandez was not fired for racially discriminatory reasons. After a one-day bench trial, the Court rendered judgment in favor of the Defendant. *See Hernandez v. Rice*, No. SA–88–CA–237, slip op. at 1 (W.D.Tex. Feb. 1, 1991). The Court believes that Mr. Hernandez' present request for recusal and reassignment of the above-styled and numbered cause stems from the adverse judgment he received in his suit against the Secretary of the Air Force.

### II. RECUSAL

Recusal is governed by 28 U.S.C. § 455. A judge shall disqualify himself under 28 U.S.C. § 455(a) "in any proceeding in which his impartiality might reasonably be questioned." A judge shall also disqualify himself under certain circumstances enumerated under § 455(b), including when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." In *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988), the Supreme Court stated:

> The goal of section 455(a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible.... Under section 455(a), therefore, recusal is required even when a judge lacks actual knowledge of the facts indicating his interest or bias in the case if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge.

*Liljeberg*, 108 S.Ct. at 2202 (quoting *Health Serv. Acquis. Corp. v. Liljeberg*, 796 F.2d 796, 802 (5th Cir.1986)). *See also Henderson v. Department of Pub. Safety and Corr.*, 901 F.2d 1288, 1295 (5th Cir. 1990); *Parliament Ins. Co. v. Hanson*, 676 F.2d 1069, 1075 (5th Cir.1982) (noting that the statute imposes a reasonable person standard in determining whether a judge should recuse himself).

Presumably, the Plaintiff requests that this case be reassigned pursuant to 28 U.S.C. § 455(a), because he has certainly raised no matters that fall within the ambit of 28 U.S.C. § 455(b).[2] However, none of

---

1. Mr. Hernandez' request that this case be reassigned to a specific district judge runs counter to the Western District's Amended Plan for Random Assignment of Cases in Multi-Judge Divisions (W.D.Tex. Apr. 21, 1983), which provides that the Clerk's Office must randomly reassign a case that should not have been directly assigned to a particular judge.

2. Section 455(b)(1) requires disqualification when a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...." Plaintiff has not shown anything in this case that amounts to bias or prejudice, nor has he established any of the other grounds for disqualification under § 455(b). This Court will not convert the recusal provisions of 28

the circumstances requiring disqualification under § 455(a) are present here; even the most superficial research would have put Mr. Hernandez on notice that this Court's previous adverse judgment does not provide grounds for recusal. Even if the Supreme Court's decision in *Liljeberg* is given an expansive reading, it simply cannot be argued that there is any appearance of partiality in this case. The law is very clear that when a frivolous request for recusal is filed, it should be promptly and firmly denied. *See Maier v. Orr*, 758 F.2d 1578, 1582–1583 (9th Cir.1985). The Court will take such action here.

Accordingly, it is hereby ORDERED that Plaintiff's motion to reassign, filed February 21, 1991, is DENIED.

U.S.C. § 455 into a docket-clearing device that unfairly requires other district courts to shoulder its burdens.