60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Laurie FITZGERALD and Aaron Hazard, Plaintiffs-Appellees,
v.
The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY dba U.S.
West Communications, Inc., Defendant-Appellant.
 No. 93-1142.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1995.
 
 Before BRORBY, SETH and KELLY, Circuit Judges.
 
 ORDER[1]
 
 1
 The panel in this case initially consisted of Circuit Judges Seth and Kelly, and Senior District Judge Owen. Plaintiffs-appellees have filed a motion to disqualify Judge Owen for conflict of interest, to vacate the initial panel opinion, Fitzgerald v. Mountain States Tel. & Tel. Co., 46 F.3d 1034 (10th Cir.), petition for cert. filed, 63 U.S.L.W. 3908 (1995) (No. 94-2077), and to reassign the case to another panel. They suggest en banc consideration of the motion. We find that the motion is well taken in part, and should be granted in part without submission to the en banc court.
 
 Background
 
 2
 After the initial panel opinion had been filed and the petition for rehearing denied, Judge Owen by letter dated March 30, 1995, informed the parties that he held 28 shares in U.S. West out of some 440 million outstanding, a .0000064 percent interest. Judge Owen explained that he had received the shares as part of the AT & T divestiture, had forgotten about them until receiving the U.S. West annual report on March 27th, and that his ownership "played no part whatsoever in any of my actions in this matter." Judge Owen followed the spirit of Advisory Opinion No. 71 by the Advisory Committee on Codes of Conduct (Dec. 14, 1981) by writing the parties and informing them of the conflict. See II Guide to Judiciary Policies & Procedures-Codes of Conduct for Judges & Judicial Employees, ch. IV, Published Advisory Opinions of the Advisory Committee on Codes of Conduct (reiss. 1193). Judge Owen then sold the stock. On May 24, 1995, Judge Owen recused in this case, prior to consideration of the pending motion. Judge Brorby was randomly assigned to the case in Judge Owen's place.
 
 Discussion
 
 3
 With Judge Owen's recusal, we need not address the Plaintiffs' advocacy concerning his disqualification. Even with the absence of Judge Owen, Plaintiffs apparently are requesting an entirely new panel, which would require the disqualification of the two panel members who remain. Plaintiffs do not contend that the remaining panel members should be disqualified under 28 U.S.C. 455(b). Rather, they seem to contend that 28 U.S.C. 455(a) requires such disqualification.
 
 
 4
 Section 455(a) requires disqualification "in any proceeding in which [a judge's] impartiality might reasonably be questioned." See also II Guide to Judiciary Policies & Procedures-Codes of Conduct for Judges & Judicial Employees, ch. I, Codes of Conduct for United States Judges, Canon 3(C)(1) (10394). Section 455(a) is an objective provision, Liteky v. United States, 114 S.Ct. 1147, 1153-54 (1994), and we do not believe that an objective observer would question the impartiality of the presently constituted panel, merely because a former member recused. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860-61 (1988). Federal Circuit cases have indicated that an appellate opinion would not have to be vacated, even when the author later had to disqualify, to be replaced by another circuit judge. See Hodosh v. Block Drug Co., 790 F.2d 880, 881-82 (Fed. Cir.1986); Maier v. Orr, 758 F.2d 1578, 1583 (Fed. Cir.1985). See also Advisory Opinion No. 71 of the Advisory Committee on Codes of Conduct (holding that no reasonable basis exists for the other two panel members of a three-judge appellate panel to disqualify after conference, but before decision, when one panel member must disqualify). No basis exists for the remaining members of the panel to recuse. See Harris v. Champion, 15 F.3d 1538, 1570-72 (10th Cir.1994) (where one panel member should have disqualified, it did not invalidate the work of a three-judge district court panel). However, to assure the integrity of the judicial process, we believe it would be best to vacate the initial opinion, Fitzgerald v. Mountain States Tel. & Tel. Co., 46 F.3d 1034 (10th Cir.1995), and resubmit the case without oral argument to the panel as presently constituted.
 
 
 5
 Plaintiffs have requested initial en banc hearing on this motion. See Fed. R.App. P. 35(a); 10th Cir. R. 35.1. The suggestion does not contain the essential allegations required by 10th Cir. 35.2.2, and we decline to submit it.
 
 
 6
 Plaintiffs' motion is granted in part. The initial opinion, 46 F.3d 1034, is VACATED and the case will stand submitted on the briefs. In all other respects, the motion is denied.
 
 
 7
 IT IS SO ORDERED.
 
 
 
 [1]
 This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of unpublished decisions; nevertheless, an unpublished decision may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)