**Alton B. HORNBACK, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 96–647C.**

United States Court of Federal Claims.

March 24, 1998.

Alton B. Hornback, San Diego, CA, pro se.

William C. Bergmann, with whom were Frank W. Hunger, Assistant Attorney General, and Vito J. DiPietro, Director, Washington, DC, for defendant.

## OPINION

ANDEWELT, Judge.

### I.

In this patent action filed pursuant to 35 U.S.C. § 183, plaintiff, Alton B. Hornback, appearing *pro se*, seeks $10 million in compensation from the United States for the alleged unauthorized use of plaintiff's invention covering a "Real Time Boresight Error Slope Sensor" designed to improve the cost-effectiveness of missiles. A secrecy order was imposed on plaintiff's patent application covering this invention pursuant to 35 U.S.C. § 181 and as a result, a patent has not yet issued. This action is before the court on the parties' cross-motions for summary judgment. In its motion, defendant seeks dismissal of the complaint on the ground that plaintiff failed to exhaust his administrative remedies before instituting the instant action. In his cross-motion, plaintiff seeks judgment on the grounds that defendant used plaintiff's invention and entered into a conspiracy with the Patent and Trademark Office with the intent to defraud plaintiff. For the reasons set forth below, defendant's motion for summary judgment is granted and plaintiff's cross-motion is denied.

### II.

#### A.

The material facts are not in dispute. Plaintiff filed his patent application on April 25, 1986. On April 16, 1987, the United States Air Force classified the information contained in plaintiff's application at the level of "SECRET." Thereafter, at the Air Force's request, the Patent and Trademark Office imposed a secrecy order on the application pursuant to 35 U.S.C. § 181. This secrecy order had the effect of precluding the issuance of a patent on plaintiff's invention. Section 183 authorizes the owner of a patent application covered by a secrecy order to file an administrative claim with the head of the agency seeking compensation on either or both of two potential grounds—"compensation [ (1) ] for the damage caused by the order of secrecy and/or [ (2) ] for the use of the invention by the Government resulting from [the] disclosure [in the patent application]." On August 28, 1987, plaintiff filed such an administrative claim with the Office of the Judge Advocate General. Therein, plaintiff sought $10 million in compensation for damages resulting from the secrecy order's prohibition on plaintiff disclosing his invention to others. The claim specified that although plaintiff was not specifically claiming compensation on the second ground covered in Section 183, *i.e.*, use of the invention by the government, plaintiff was willing to grant a license to the government covering future use of his invention as part of any settlement of his claim. ("Although said claim is for damage caused by said Secrecy Order and not for use of said SENSOR, Claimant will, at this time, consider a settlement in toto and, provided that compensation is adequate, waive all future rights to royalties resulting from future use of said SENSOR.")

In response to plaintiff's administrative claim, the Office of the Judge Advocate General requested plaintiff to respond to a series of questions, including the following:

Have you or others ever obtained a contract from the United States Government resulting in work being performed in the general area of technology covered by this patent? If the answer is yes, give dates and circumstances.

Plaintiff answered "yes" to this question and referred to Contract No. F29601–79–C–0023 issued by the Air Force Weapons Laboratory, Kirtland Air Force Base, New Mexico, to McDonnell Douglas Astronautics, a company with which plaintiff was associated. Upon reviewing plaintiff's responses to this and the other questions, the Office of the Judge Advocate General denied plaintiff's claim on the ground that plaintiff had failed to establish actual compensable damages resulting from imposition of the secrecy order.

#### B.

Thereafter, plaintiff filed a series of suits against the United States seeking compensa-

tion pursuant to Section 183. Plaintiff filed his first action in district court in which he asserted claims under both potential grounds for compensation contained in Section 183, that is compensation for damages resulting from the secrecy order and compensation for the unauthorized use of his invention by the government. The district court initially entered an order staying further proceedings until plaintiff had either exhausted his administrative remedies with respect to his "use" claim or made a formal election not to pursue that claim. The court later entered a stipulated order modifying its prior order so as to allow plaintiff to pursue his claim for damages resulting from the secrecy order so long as plaintiff formally elected not to pursue his use claim "for as long as the secrecy order is in effect." Plaintiff in turn waived his use claim pending the recision of the secrecy order and issuance of his patent. Ultimately, the district court granted summary judgment to the government on the sole issue of damages resulting from the secrecy order.

Plaintiff thereafter filed a second action in the same court asserting that the secrecy order amounted to an eminent domain taking of plaintiff's private property. The district court dismissed that action for lack of subject matter jurisdiction. Plaintiff then filed a third suit in this court alleging that the government and its agents committed fraud and perjury in statements made during plaintiff's two previous suits. This court dismissed that action on jurisdictional grounds because the claim sounded in tort.

Plaintiff thereafter filed the instant action, his fourth suit, seeking compensation under Section 183 for the government's use of his invention. Plaintiff alleges that the waiver in his first district court action of his use claim "for as long as the secrecy order is in effect" is not controlling here because plaintiff's patent application is now under a different secrecy order from that which was in place when the waiver was executed.

### III.

■ Section 183 grants a patent applicant two alternative litigation routes to secure compensation for damages resulting from a secrecy order and/or the government's use of the invention disclosed in the patent application. The first route is described as follows:

> An applicant ... shall have the right ... to apply to the head of any department or agency who caused the order to be issued for compensation for the damage caused by the order of secrecy and/or for the use of the invention by the Government, resulting from his disclosure.... The head of the department or agency is authorized, upon the presentation of a claim, to enter into an agreement with the applicant ... in full settlement for the damage and/or use.... If full settlement of the claim cannot be effected, the head of the department or agency may award ... a sum not exceeding 75 per centum of the sum which the head of the department or agency considers just compensation for the damage and/or use. A claimant may bring suit against the United States in the United States Court of Federal Claims or in the District Court of the United States ... for an amount which when added to the award shall constitute just compensation for the damage and/or use of the invention by the Government.

Because Section 183 authorizes suit only "for an amount which when added to the award [by the agency] shall constitute just compensation," it follows that before taking this route to secure compensation, the patent applicant must first apply for compensation to the head of the department or agency and either secure an award or a determination that no award is forthcoming. *See Constant v. United States*, 16 Cl.Ct. 629, 635, *aff'd*, 884 F.2d 1398 (Fed.Cir.), *cert. denied*, 493 U.S. 1002, 110 S.Ct. 561, 107 L.Ed.2d 556 (1989) ("Exhaustion [of administrative remedies] is required herein because plaintiff may vindicate his rights at the administrative level, thus making court intervention unnecessary.").

The second route for securing compensation, which applies only after the secrecy order is lifted and the patent issues, does not require the patent applicant to file an administrative claim before instituting suit. This second route is described as follows:

The owner of any patent issued upon an application that was subject to a secrecy order issued pursuant to section 181 of this title, who did not apply for compensation as above provided, shall have the right, after the date of issuance of such patent, to bring suit in the United States Court of Federal Claims for just compensation for the damage caused by reason of the order of secrecy and/or use by the Government of the invention resulting from his disclosure.

Because when plaintiff filed the instant action, a patent had not yet issued on his patent application, the only route available to plaintiff for securing compensation through litigation is the first route described above which requires plaintiff to seek relief from the head of the agency before filing suit in this court. Defendant's motion for summary judgment rests on the contention that plaintiff failed to file such an administrative claim covering the particular use of plaintiff's invention alleged in the complaint, and hence failed to exhaust his administrative remedies.

### IV.

Plaintiff contends that giving the agency an opportunity to act on a claim is sufficient to exhaust administrative remedies and that plaintiff gave the Air Force such an opportunity when he stated in his August 28, 1987, claim that "Claimant will, at this time, consider a settlement in toto and, provided that compensation is adequate, waive all future rights to royalties resulting from future use of said SENSOR." But this claim cannot reasonably be interpreted as presenting a claim under Section 183 for compensation for government use of the invention described in plaintiff's patent application. Under Section 183, the right to compensation for government use of an invention described in a patent application covered by a secrecy order commences "on the date of the first use of the invention by the Government." Plaintiff's August 28, 1987, claim letter did not allege any such use prior to that date and specifically stated that plaintiff was not seeking compensation for any such use. ("Said claim is for damages caused by said Secrecy Order and not for the use of said SENSOR.")

Plaintiff's offer in the claim to include in a settlement of that claim a waiver of all "future rights to royalties resulting from future use of said SENSOR" constitutes an offer to address possible future claims against the government and not a contention that plaintiff was at that time entitled to compensation under Section 183 based on the government's prior use of his invention.

Next, plaintiff argues that, in any event, any additional agency consideration of plaintiff's allegation of use by the government would be unnecessary because the agency already has addressed the issue of government use. To support this argument, plaintiff relies upon the following statement in the letter denying plaintiff's claim:

In Mr. Hornback's reply of 30 November 1987, he also stated that Contract No. F29601–79–C–0023 which was awarded by the Air Force related to his invention. He does not claim use of his invention by the Government under the aforesaid contract nor under any other contract. Nevertheless, a thorough investigation of Contract No. F29601–79–C–0023 was made and has just recently been completed. As a result thereof, it has been determined that there has been no use by the Air Force of the invention set forth in Mr. Hornback's said Application for U.S. Patent resulting from his disclosure.

In response, first, the instant complaint does not identify any government use of plaintiff's invention that occurred prior to the filing of plaintiff's August 28, 1987, claim. Because the allegations of government use in plaintiff's complaint apparently occurred, if ever, after the government responded to the August 28, 1987, claim, not only was the use for which plaintiff seeks compensation in this action not the subject of any prior claim by plaintiff to the agency, but also could not have been the subject of any government denial. Second, even assuming plaintiff is seeking in this action compensation for the government's use of plaintiff's invention that occurred prior to the August 28, 1987, claim, during the course of defending plaintiff's prior suits, the government explained that contrary to the statement in its letter denying plaintiff's August 28, 1987, claim, the Air

Force has never actually performed an investigation to determine whether the government had engaged in any prior use of the invention disclosed in plaintiff's patent application.[1] Hence, at the time plaintiff filed the instant action, plaintiff should have understood that the government, upon re-examination, had determined that prior to responding to plaintiff's August 28, 1987, claim, the government had not performed the required analysis to determine whether the government had used plaintiff's invention. In this factual setting, plaintiff's August 28, 1987, claim and the government's response thereto, taken together, are not sufficient to constitute the required initial resort to administrative remedies because they do not amount to the requisite presentation of the instant use claim to the agency and a denial of that claim by the agency.

## V.

The court is sympathetic to plaintiff's plight as a *pro se* litigant. Plaintiff has filed multiple suits and has yet to secure a court decision addressing the merits of his contention that he is entitled to compensation under Section 183 for the government's use of his invention. Two of plaintiff's suits have been dismissed for lack of jurisdiction and plaintiff understandably is anxious to pursue his use claim in this court. But Congress defines the metes and bounds of this court's jurisdiction and the parameters for suits against the government under the patent laws. As described above, in Section 183 Congress has prescribed different rules for claims brought before a patent issues while a secrecy order is in effect and claims brought after the secrecy order is lifted and the patent issues. To initiate suit before the patent issues, Section 183 requires that the applicant first seek relief and obtain a decision from the agency that issued the secrecy order. After the secrecy order is lifted and the patent issues, Section 183 allows the patentee to proceed directly to court. Section 183 mandates these different rules in unambiguous language and the rules would appear to serve a legitimate purpose.

As to that purpose, while a secrecy order is in effect and a patent has not yet issued, an inquiry into the government's use of a secret invention ordinarily will involve, if not deal directly with, secret information. Although courts have developed generally efficient techniques employing protective orders to minimize the risk that secret information will be divulged during litigation, an administrative proceeding generally can be expected to result in lower costs and less risk to security than adversarial litigation. The procedures outlined in Section 183 therefore give the agency an initial opportunity, before adverse litigation, to examine a claim and make an offer of settlement and thereby increase the likelihood that the dispute can be resolved without the security risks and expenses inherent in litigation. Once a secrecy order is lifted and the patent issues, however, secrecy typically is of far less concern and the dispute becomes more like a typical patent infringement action in which the patentee generally has the option to choose to seek administrative relief first, or alternatively to proceed directly to litigation. In the instant case, a patent has not yet issued and hence, plaintiff was required to exhaust his administrative remedies before bringing the instant suit.

## VI.

Summary judgment is warranted where there is no dispute as to any material issue of fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party bears the burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp.*

---

1. The above-quoted statement from the government's letter denying plaintiff's claim raises suspicion itself as to the accuracy of the representations therein that the government had determined that there had been no prior use of plaintiff's invention. The statement indicates that "as a result" of an investigation into one contract identified by plaintiff, a determination of no prior use by the government was made. It is not apparent how an investigation of one single contract could form the basis for a conclusion that the government did not engage in any use of plaintiff's invention in conducting any business outside the scope of that single contract.

*v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the moving party satisfies that burden, the burden shifts to the nonmoving party to present sufficient evidence to demonstrate the existence of a genuine factual dispute. *Sweats Fashions, Inc. v. Pannill Knitting Co.,* 833 F.2d 1560, 1563 (Fed.Cir.1987). The nonmoving party may not rely upon mere allegations or simply "raise some doubt" as to the existence of a material fact. *Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.,* 853 F.2d 1557, 1560 (Fed.Cir.1988). Instead, the nonmoving party must present sufficient evidence as to the existence of that fact so that the trier of fact could reasonably find in the nonmoving party's favor. *Liberty Lobby,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11. There are no material facts in dispute here. Accordingly, for the reasons set forth above, defendant's motion for summary judgment is granted.

### *Conclusion*

For the reasons set forth above, defendant's motion for summary judgment is granted and plaintiff's cross-motion for summary judgment is denied. The Clerk of the Court shall enter judgment dismissing plaintiff's complaint. No costs.

IT IS SO ORDERED.