**Alton B. HORNBACK, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 99–38C.

United States Court of Federal Claims.

March 8, 2001.

Alton B. Hornback, San Diego, California, pro se.

Cameron Elliot, with whom were Stuart E. Schiffer, *Acting Assistant Attorney General,* and Vito J. DiPietro, *Director,* Washington, D.C., for defendant. Thomas J. Byrnes, of counsel.

## ORDER

ANDEWELT, Judge.

### I.

To date, plaintiff Alton B. Hornback, appearing pro se, has filed nine court actions, seven of which have been assigned to this judge, relating to a secrecy order imposed pursuant to 35 U.S.C. § 181 on plaintiff's patent application covering a "Real Time Boresight Error Slope Sensor."[1] Currently before the court in this action is plaintiff's petition asking that this judge be removed from the case. In his petition, plaintiff states:

> The facts, which, by the Government's own admission are not in dispute, show that, *for over 12 years,* and through 4 lawsuits assigned to this Judge, the Government has had physical possession of *my* property, while denying me access to that property, or any compensation whatsoever. This assigned Judge has repeatedly disregarded those facts, and misapplied the law, either because he was biased in favor of the U.S. Government, or against a *pro se* Plaintiff, or was unwilling to face up to the core issue in those actions which involves the Doctrine of Separation of Powers: the illegal application of a national security executive order to a private citizen.

(Pl.'s Pet. to Remove Judge at 1.) For the reasons set forth below, plaintiff's petition is denied.

### II.

Disqualification of a United States judge is governed by 28 U.S.C. § 455, which provides, in part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings....

28 U.S.C. § 455. In *Hewlett–Packard Co. v. Bausch & Lomb, Inc.,* 882 F.2d 1556 (Fed. Cir.1989), the Court of Appeals for the Federal Circuit explained the standard for disqualification under 28 U.S.C. § 455, as follows:

> In enacting section 455(a), Congress created an objective standard under which disqualification of a judge is required when a reasonable person, knowing *all* the facts, would question the judge's impartiality.... Although that standard is a relatively vague and flexible ground upon which to decide a question of constitutional import, the Supreme Court has provided a starting point for applying it: "it is critically important ... to identify the facts that might reasonably cause an objective observer to question [the judge's] impartiality." *Liljeberg [v. Health Services Acquisition Corp.,* 486 U.S. 847, 865, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).]

*Id.* at 1568. In *Maier v. Orr,* 758 F.2d 1578 (Fed.Cir.1985), the Federal Circuit added: "Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned." *Id.* at 1583.

To help uncover the "critically important" facts that must underlie any petition for disqualification, R.C.F.C. 63(c) requires that a party seeking disqualification based on bias or prejudice support his or her allegations with an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." R.C.F.C. 63(c)(2). Herein, to support his petition for disqualification, plaintiff

---

1. Plaintiff filed his first two actions in district court and the remaining seven in this court. Throughout this order, the court will refer to certain of plaintiff's actions in the sequence of their filing (*Hornback I* through *Hornback IX*).

cites six incidents allegedly showing bias or prejudice on the part of the judge.

■ Two incidents focus on this court's decision in *Hornback v. United States*, No. 98–58C (Fed.Cl. July 7, 1999) (order dismissing plaintiff's complaint) (hereinafter *Hornback V*). Therein, the court dismissed plaintiff's complaint pursuant to 35 U.S.C. § 183 on the ground that plaintiff had failed to exhaust his administrative remedies before filing suit. In the first incident, plaintiff lists the facts he presented to the court in that case, which plaintiff contends show crimes by the government; plaintiff summarizes the law upon which he relied to support his claim; and then plaintiff complains, as follows: "Yet this assigned Judge disregarded those facts, those documented crimes, and that case law, and on 7 July 1999, dismissed Case No. 98–58C (Hornback V) solely on the ground that Plaintiff had not exhausted his administrative remedies." (Pl.'s Pet. to Remove Judge at 4.) In the second and related incident, plaintiff contends that the court demonstrated bias in its decision in *Hornback V* when it raised the issue of administrative exhaustion on its own. In response, neither of these incidents reasonably suggests bias. As to the first incident, plaintiff simply disagrees with the court's application of the law to the undisputed facts. The appropriate procedure for challenging a judge's application of the law is through appeal. In this regard, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)). Here, the court's decision involved a straightforward and reasonable application of the law to the undisputed facts and does not remotely suggest "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

■ As to the second incident, to support his criticism of this court's raising the issue of administrative exhaustion on its own, plaintiff cites R.C.F.C. 12(b) which provides that "[e]very defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required ...." Plaintiff argues that because defendant did not assert this ground for dismissal, the court showed bias and prejudice when it raised the issue on its own. But R.C.F.C. 12(h)(3) makes clear that where it appears that the court lacks subject matter jurisdiction, the court has an obligation to raise the issue on its own without such motion being made by the parties. R.C.F.C. 12(h)(3) provides: "Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court *shall dismiss* the action." (Emphasis added.) In *Booth v. United States*, 990 F.2d 617 (Fed.Cir.1993), which is binding precedent upon this court, the Court of Appeals for the Federal Circuit explained that "[a] party, or the court *sua sponte*, may address a challenge to subject matter jurisdiction at any time, even on appeal." *Id.* at 620 (citing *United States v. Newport News Shipbuilding & Dry Dock Co.*, 933 F.2d 996, 998 n. 1 (Fed.Cir.1991); *United States v. Grumman Aerospace Corp.*, 927 F.2d 575, 580 (Fed.Cir.), *cert. denied*, 502 U.S. 919, 112 S.Ct. 330, 116 L.Ed.2d 270 (1991)). Hence, rather than suggesting bias or prejudice, in raising the issue of subject matter jurisdiction the court was performing an act which the court is required to perform under its own rules.

Next, plaintiff turns to this judge's decision in *Hornback v. United States*, 40 Fed.Cl. 524, *aff'd*, 178 F.3d 1308 (Fed.Cir.1998) (hereinafter *Hornback IV*), wherein the court also dismissed plaintiff's complaint for failure to exhaust administrative remedies. Plaintiff raises three incidents that focus on this decision which plaintiff alleges show bias on the part of the judge. The first two are related and attack the substance of the court's opinion. First, plaintiff alleges, in effect, that forcing plaintiff to resort to administrative remedies was futile because the record before the court demonstrated that the government had already taken the position that it had not used plaintiff's invention. Next, plaintiff faults the court for relying on statements by the government that, contrary to the government's prior representations, the government had not previously performed an

analysis of government use of plaintiff's invention. In response, the court directly explained its underlying rationale in its decision in *Hornback IV*, including the benefit that would flow from administrative consideration of government use of plaintiff's invention, notwithstanding the government's prior statement that there had been no such government use. Plaintiff availed himself of the opportunity to appeal this court's decision, but the Court of Appeals for the Federal Circuit agreed that administrative review was required before this court could exercise jurisdiction over plaintiff's claim. There is nothing in the wording of this court's decision in *Hornback IV* that would suggest "a deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky*, 510 U.S. at 555, 114 S.Ct. 1147, or otherwise suggest possible bias or prejudice on the part of this judge.

In the third incident involving *Hornback IV*, plaintiff focuses on the following statement in the court's opinion:

Because the allegations of government use in plaintiff's complaint apparently occurred, if ever, after the government responded to the August 28, 1987, claim, not only was the use for which plaintiff seeks compensation in this action not the subject of any prior claim by plaintiff to the agency, but also could not have been the subject of any government denial.

40 Fed.Cl. at 527. Plaintiff contends that the syntax used in this sentence and the court's use of the phrase "if ever" suggest prejudice against pro se plaintiff. Although plaintiff's criticism of the court's syntax is valid, the court's misapplication of the rules of grammar cannot reasonably suggest bias. As to the court's use of the term "if ever," the court simply left open the possibility that the government may not have used plaintiff's invention because in all of plaintiff's prior actions, the court has yet to reach the merits of plaintiff's claim of government use and the government has never had an opportunity to refute plaintiff's claim. Indeed, the purpose of the administrative process under 35 U.S.C. § 183 is, in part, to allow the government to determine the extent, if any, of such use. Thus, the court's use of the term "if ever"

merely describes the state of the record and does not offer any suggestion that the court has formed an opinion as to the extent of any government use of plaintiff's invention.

■ The sixth and final incident upon which plaintiff relies to show bias or prejudice involves a motion plaintiff filed in another action pending before this court, *Hornback VII*, Case No. 99–168C. Plaintiff filed this motion after the Patent and Trademark Office (PTO) informed plaintiff that all secrecy orders had been rescinded and that a patent on plaintiff's invention would issue. In his motion, plaintiff requested this court to order the PTO to issue a patent. The court did not intervene and approximately seven months later, the PTO issued the patent. Plaintiff contends that the court's failure to grant the motion showed bias. But the court simply allowed the PTO to follow its ordinary procedures in issuing patents. The court understood that plaintiff would not be prejudiced by any delay in issuing the patent because pursuant to Section 183, upon issuance of the patent, plaintiff would be entitled to compensation for any government use of the patented invention that occurred prior to the issuance of the patent.

For all of the reasons described above, plaintiff has not demonstrated that "a reasonable person, knowing all of the facts, would question the judge's impartiality." *Hewlett–Packard*, 882 F.2d at 1568. Hence, plaintiff's petition is denied.

One further point warrants mention. The court appreciates the difficulties a pro se plaintiff faces in trying to pursue an action in court. The law contains many subtleties and vagaries, some of which likely are counterintuitive to a lay person. One aspect of litigation before this court that often frustrates pro se plaintiffs is the court's jurisdictional limitations. In this context, it is understandable if plaintiff is frustrated by his inability to have the court address the basic issue that plaintiff seeks to present: the alleged unauthorized use by the government of his invention. The hurdles that have been placed in plaintiff's path, however, are not the result of any personal bias or prejudice by the judge. Rather, the court is legally bound to adhere to the jurisdictional limitations that Congress

has placed on it, and, for the reasons set forth in its prior decisions, up until the time the patent issued, the law required plaintiff to go through an administrative procedure prior to pursuing an action in this court.

### Conclusion

For the reasons set forth above, plaintiff's petition to remove this judge from this case is denied.

**IT IS SO ORDERED.**